We'll hear next from the parties in Esler v. Dunkin' Brands. Thank you, Your Honor. Carl Mayer, appearing on behalf of the plaintiff, Thomas Esler, in the putative class. I'm here with my co-counsel, Zachary Liska, who did the laboring war on the briefs, and he's a very fine young lawyer, local product of Cardoso Law School. I reserve two minutes for rebuttal. The essence of our argument here is that the plain language of the statute, of the tax statute, requires that the law court, the federal court, retain jurisdiction and not be sent to the tax court. Because what the exclusive remedy... Do I understand your argument to be that because the tax law does not allow sales taxes to be imposed on coffee, that a suit to recover sales taxes purportedly paid do not involve a review of tax liability imposed by this article, the statutory language, and because the tax isn't imposed by that article, you can't use 1139 to recover the taxes paid? That is precisely our argument, Your Honor. How can you ever get recovery for a tax that is not imposed by the article? Even if they make a mathematical mistake, the recovery is not for a tax imposed by the article. Obviously, the section read as a whole is to allow recovery for taxes that were erroneously applied and were not authorized by the... Under 1105, which is the general rule, the general rule is that any retail goods in New York State are taxed. Under that, you can recover... About 1139. Let us assume that 1104, whatever it is, has been erroneously applied. The tax has been calculated. Every action brought under 1139 seeking recovery would be barred because the very claim says the tax was not a liability imposed by the article. Well, because for the exempt items like coffee and the basic necessities of life, the purpose of the statute is to allow people to recover in the courts. In the courts, the federal courts, the law courts, that is how you can recover. Our argument is that there was no authority. Dunkin' Donuts had no authority under the tax statute. Specifically, it says in the tax statute, coffee cannot collect tax on coffee. Because they had no authority, it's a fraud on consumers. I want to get back to 1139. Your reading of 1139 posits that it can never be used to recover an erroneous application of tax law. No, Your Honor, that is too broad. That is not our claim. Our claim is a much more narrow claim. Our claim is that only the products that are specifically exempted from the tax law under 1115 cannot be sent to the tax court. The tax court can review all of the other products, all of the other retail products that are sold in New York State. In fact, it's... Where is the language of 1139? I'm sorry, Judge Winter, I interrupted. Yeah, the language of 1139 doesn't limit it to exemptions. He says illegally. It seems to me what you're arguing is that it was illegally collected. But, Your Honor, before you get to 1139, you have to read the language of 1140, which says that... 1140 says that the exclusive remedy only applies to taxes imposed by this article. And then the definition of tax says specifically tax is defined in the article as imposed by section 1105. Because it was imposed as a sales tax. This is your argument that it wasn't a sales tax. But if it's imposed as a sales tax, it's imposed under the article. But your argument is it was imposed illegally. But there's no doubt it was a sales tax. It wasn't something else. It was 8.75%. No, Your Honor, I believe with respect you've misstated our argument. Our argument is that the plain language of the statute of 1140 says the exclusive remedy only applies to taxes imposed by this article. And tax is defined as taxes under 1105. Under 1115, there is the exemption for all the basic necessities of life. For coffee. For food. For beverages. Right? I heard this. Okay. Well, but I think it's not the argument that I make, Your Honor. This is the argument that has clearly been accepted by the highest court in New York State, the New York Court of Appeals. In a line of decisions dating all the way back to the Chemung National Bank versus Elmira. Come back to this. Yes. Do you have any doubt that the monies that were collected were transferred to the state taxing authorities? First of all, we have no idea. But we are entitled, I believe, to discovery on the question. Well, because my point is that this statute is meant to allow people who paid sales taxes that weren't due in owing to get the money back from New York State. That's exactly why you have to go through this procedure. And so, you know, I would think you go through the procedure. If New York tells you they didn't transmit that money to us, they were complete fraudsters. They charged it as tax, but they pocketed it. Then maybe you have an action. But if the money was transferred to New York, and now your argument is, but look, this fits within one of the exceptions, that would seem to me to be exactly what you have to use the procedures for. Well, if that's the case, Your Honor, then we should be entitled to discovery as to where this tax went. You follow the procedures first. And then if they don't give you the relief because they tell you these people never paid the money in or something, then you've got a basis. But you've got to exhaust the procedures first. Your Honor, again, with all due respect, the New York State Court of Appeals, the state's highest court, says that if you make a claim that a tax is either exempt by statute, is inapplicable by statute, or is unconstitutional, that claim belongs in the law courts. And the cases that we cite for that are the Banker's Trust case. There's the First National Bank case. All Court of Appeals cases that specifically adopted the holding of Chemung dating back to the 19th century, which says that when the statute specifically exempts something, what Duncan is doing is they are taking this, in the guise of a tax, they are taking this money without authorization by the statute. They are simply not authorized to take this tax. And it's only for a particular type. It's only for the limited number of exemptions in 1115. You said that you cited Banker's Trust just now. Is this cited in your brief? Yes, I believe it is cited. And- I'm looking at the table of authorities. Am I missing it somewhere? I'm sorry. It is in our reply brief. Our reply brief, it is cited on page one of our reply brief. And also Banker's Trust, and I believe, I'm not sure that the case, the First National Bank of New York, but that was a case, a New York Court of Appeals case, in which there was a federal statute. The federal statute said that a local authority, taxing authority, can't impose a tax on a national bank. And the city of New York- the tax statute as unconstitutional, that you can proceed as they indicate there. I'm not sure I understand what you're relying on for the fact that when you're not challenging constitutionality of the statute, you're instead saying that the vendor erroneously collected the statute and you want the money back. If I may, Your Honor, we're- I'm trying to figure out how Banker's Trust supports you. Your Honor, what we're saying is that the- if a statute is, if it's a tax, it's either unconstitutional or inapplicable. And here, it is not applicable. The tax is not applicable because 1115 exempts it. 1115 exempts it, and because of that- Thank you. Please, Judge Hellerstein. No, no. Okay. We'll hear then from the appellee. Good morning. May it please the Court. Eric Yaffe on behalf of Duncan Brands, Inc. I will take eight minutes with the Court's indulgence, and each of Franchisee's counsel has reserved a minute in the event the Court has any questions for them. Let me jump right to the point the Court has focused on, which is this line of cases that Mr. Mayer cites for the proposition that the appellants can go right to the Court. That line of cases is actually inapplicable, and they're dealing with different issues. First of all, the cases that are cited from the 1870s, Chemung and Elmira, predated the promulgation of the New York tax laws in 349 by decades and had nothing to do with the exhaustion of administrative remedies. And as Your Honor pointed out, those cases, including the Banker's Trust case, are dealing with situations where the state or city or county assessed a tax and ignored its own laws. And the Court said in that instance you would be able to go directly to court. You did not have to, in the case of Banker's Trust, you wouldn't have to exhaust your administrative remedies. Banker's Trust was a case where they said actually the plaintiff had failed to exhaust its administrative remedies. And the notion that a statute or regulation is wholly inapplicable, that has been interpreted to mean that the agency fails to have jurisdiction over the statute. And that has, again, nothing to do with this case. So we're really not dealing with a constitutional issue. If there were one, that would be brought against the state, not against a private retailer, as in the franchisees in this case. And, of course, Duncan is the franchisor that I'm representing, which is in a different position entirely. So going back to sort of first principles here, we do have Section 1139, going back to Judge Winter's point, which explicitly states that if a tax is erroneously, illegally, or unconstitutionally collected or paid, then you can go to the tax commissioner under the procedures set up by the legislature for a refund or a credit. And following that, Section 1140 explicitly indicates that this is, in fact, the exclusive remedy if you feel you have been aggrieved in connection with the payment of taxes. And that's what happened here. And I think the district court got it exactly right. The appellants have tried to sort of recast this as something to try to get it outside the zone of the tax laws. But, in fact, as the district court said, you can't just semantically change the rules of the game and get yourself from around the very explicit tax laws in New York. And here they talked about it as a surcharge rather than a tax, but we have a receipt. It was for the sale of prepackaged coffee, and they paid 89 cents in tax. They believed that it was erroneous, and they have a procedure that they can, in fact, follow. And there is case law to support this, certainly, at least at the federal district court level. I think the cases that are pretty much on point are the Hertz case and the Home Depot case, both of which we cite to in our brief. All of us, I believe, cite to in our briefs. And those cases said you can't use 349 or fraud or negligence in these cases and try to do an end around the tax law statute. When there is the imposition of a tax that you believe was erroneous or illegal, your remedy is, again, to go through the procedures set forth in Section 1139. They have other arguments concerning Section 349. I think the district court lays out fairly nicely, again, why under applicable precedent and the interpretations of Section 349 this case doesn't even fit into it. And in any event, the constitutional arguments they raise, of course, were not raised below. They weren't even raised in their amended complaint. So we see a lot of shifting sands here to try to find a way to get around the tax laws. But our view is that the tax laws are quite explicit. This is a core case where they had a remedy that they failed to exhaust. And unless the court has any further questions, I will otherwise rely on our brief. Thank you. Thank you. Thank you, Your Honors. May it please the Court, I am Christopher Kelly representing three of the four Duncan stores that are individually named, 350125, 126, and 127. Your Honor, you raised a critical question. It's not in the record. It was addressed in the pretrial conference with Judge Schofield, which was, was the money actually paid over to the state? I'm pleased to answer it, but if you would like. But otherwise, we will rest on our brief. Thank you very much. Thank you, Your Honor. Ms. Wilkham? Did I pronounce your name correctly? Wilkham, yes, Your Honor. Thank you. Joanne Wilkham is from Paris Ackerman & Schmierer on behalf of Duncan Donuts store number 345768. And we too, unless the Court has questions for us, we'll rest on our brief. Thank you. Thank you. All right, Mr. Mayor, you reserved some time for rebuttal. Yes, Your Honor. I'm glad, I'm glad that Counsel for Duncan Donuts mentioned those two cases, the Gilbert case and the Cohn v. Hertz case, because those were cases that were decided under 1105. They were not exempt items like donuts, coffee, food items. They were not your basic exempt items. The difference is the statutory language says, it says explicitly in 1140, in 1140 it says that the exclusive remedy provisions only apply when you're talking about a tax imposed under the article. But the tax is not imposed under the article. It's exempt for coffee. And that is the reasoning that the New York State Court of Appeals followed. And the New York State Court of Appeals is not binding on this court, obviously, Your Honor, but it's the highest interpretation, the most persuasive interpretation. And, indeed, in the Banker's Trust case, I know that Duncan Donuts' counsel wants to say that Schamung was an old case, but Banker's Trust, which was a 2003 New York Court of Appeals case, it says the assessor has imposed a tax on the capital stock of the bank in direct violation of a statute, providing that such property was not taxable. That's exactly our case. That's exactly our case. And the reason for it, Your Honors, is clear. These are the basic necessities of life, and the legislature wanted to exempt them, and so they gave them special treatment not just in the language of the statute but in the remedy provision, which means you can go to federal court and your exclusive remedy doesn't require you to go to the tax division because there wouldn't be no real remedy here. No one's going to go to a tax division for 89 cents. In federal court, people can band together to stop this practice. And that's what this case is all about. And if I could, Your Honor, there's one more citation I would like to give you, which is... It's in your briefs. I'm sorry. It is not, and I apologize to Your Honor. It is First National Bank v. City of New York Finance. It's, again, a Court of Appeals case, and it, again, holds it if the statute... What? You want to give us the citation? 36, New York 2nd, 87, 1975. And, again, cites Chemung favorably. And if I could add one more citation, I suppose you could call it. The other side makes a lot in their briefs of the fact that impose, as used in the statute, 1140, means that they are free to collect taxes on whatever they want to, and that means that later the tax department can sort it out. But that is not the plain meaning definition of impose, and it is not the actual definition in Black's Law Dictionary, which implies to levy or exact as by authority, which means you have to have authority to impose the tax. And there was no authority here. Thank you very much. Thank you, Your Honor. Thank you, Your Honor. Thank you, Your Honor.